UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11938-GAO

OHIO CASUALTY INSURANCE COMPANY,
Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY,
Defendant.

OPINION AND ORDER
February 6, 2014

O'TOOLE, D.J.

Ohio Casualty Insurance Company ("Ohio Casualty"), an excess liability insurer, brings a claim for breach of the duty of good faith and fair dealing against Twin City Fire Insurance Company ("Twin City"), a primary insurer, asserting that Twin City failed to settle a case in good faith within its policy limits. The underlying tort, a motor vehicle accident involving the insured, occurred in Brooklyn, New York, and a New York Supreme Court jury found the insured 100% liable and assessed damages well above the primary policy limits.

Ohio Casualty is an Ohio corporation with its principal place of business in Boston. It brought this suit in Massachusetts state court, but it was removed here on the basis of diversity jurisdiction by Twin City. Twin City, an Indiana corporation with its principal place of business in Hartford, Connecticut, now moves pursuant to 28 U.S.C. § 1404(a) to transfer the case to the Eastern District of New York.

A district court has the authority to "transfer any civil action to any other district where it may have been brought '[f]or the convenience of parties and witnesses, in the interest of justice.'" Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (quoting 28 U.S.C. § 1404(a)). The plaintiff's choice of forum is entitled to a "strong presumption," Coady, 223 F.3d at 11, but that presumption can be overridden by other considerations.

This district's only connection to the dispute is that Ohio Casualty's principal place of business is here. In contrast, a substantial amount of relevant evidence is likely to be located in the Eastern District of New York, as the underlying tort and the jury trial occurred there.

The convenience of witnesses supports transfer. When considering this factor, a court considers "the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify." Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) (citing Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991)). Five of ten potential witnesses identified by Twin City are residents of New York; no identified witness resides in Massachusetts. Lastly, assessing the likelihood of a settlement within the primary policy limits would be done in reference to New York tort law. In particular, the trial lawyers for both sides in the underlying case are located in New York. Although no witness has affirmatively articulated an unwillingness to travel to Massachusetts, the defendant is not required to make such a showing to establish that the balance tips in favor of a transfer.

For these reasons, and in the interest of justice, transfer to the Eastern District of New York would fulfill the purpose of 28 U.S.C. § 1404(a) "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotations omitted).

Accordingly, Twin City's Motion (dkt. no. 13) is GRANTED. This case shall be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge